PER CURIAM.
Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right' to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
ATTACHMENT
*996 [[Image here]]
STATE OF LOUISIANA : NUMBER: 265,017 SECTION 4
■ VERSUS : FIRST JUDICIAL DISTRICT COURT
JIMMY RAY WHITE : CADDO PARISH; LOUISIANA
OPINION
On August 28, -2009, Petitioner, JIMMY RAY WHITE, was found guilty by a 'jury of Manslaughter. On January 4, 2010, Petitioner, having been found guilty as charged as a fourth felony habitual offender, was sentenced to’ life imprisonment without the benefit of probation, parole or suspension of sentence. The Court ordered the court costs paid through the inmate banking system and the petitioner was given credit for time served. The Court informed the petitioner of his right to post-conviction relief proceedings.
On appeal, the Petitioner’s sentence and conviction were affirmed by the Second Circuit Court of Appeal. State v. White, 57 So.3d 1078, 45, 704 (La. App. 2 Cir. 1/26/11), writ denied, 71 So.3d 310, 2011-0613 (La. 10/7/11).
The subject of this opinion is Petitioner’s “Uniform Application for Post Conviction Relief’ filed November 7,2012. The State filed its “Objection and Response to Application for Post-Conviction Relief’ on January 7,2013,
Although Petitioner’s filing was file stamped November 7, 2012 by the Clerk of Court and the State’s answer was filed January 7, 2013, the Court was not notified of such filing until June 4,2014 for its ruling.
In its Application, Petitioner first argues that his conviction was unconstitutional because of ineffective assistance of counsel. Specifically, Petitioner alleges that trial counsel denied Petitioner the right to testi fy at trial and failed to object to the use of other crimes evidence used at trial, Petitioner farther argues that his conviction was unconstitutional because the trial court denied his request for change of venue due to pretrial publicity and therefore prevented him from obtaining a fair and impartial trial.
*997 When a petitioner alleges counsel was ineffective, he must prove actual prejudice before relief can be granted. To prevail under this Claim, Petitioner must demonstrate “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would be different.” State v. Thompson, 39,454 (La. App. 2 Cir. 3/2/05); 894 So.2d 1268, 1282. In order to assess a Petitioner’s claim for ineffective assistance of counsel, courts must satisfy the two-part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must show that counsel's performance was deficient, that the deficiency prejudiced him, and that counsel’s error was so serious that it violated Petitioner’s right to effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution, Strickland, 466 U.S. at 686.
To establish that his counsel was deficient, the Petitioner must show that his counsel’s representation feli below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases, Strickland, 466 U.S. at 687-691. A reviewing court must give great deference to trial counsel’s judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Moore, 575 So.2d 928 (La. App. 2 Cir. 1991). The Petitioner has the burden of proving that relief should be granted. La. C.Cr. P. art. 930.2.
As to Petitioner’s first claim that trial counsel was ineffective for failing to call Petitioner to testify at trial, Petitioner has failed to prove that trial counsel’s conduct, in not calling Petitioner to testify, felt below the standard of reasonableness and competency as to render the trial counsel’s performance deficient. Furthermore, Petitioner has failed to make a showing that trial counsel did in fact refuse Petitioner the right to testify against Petitioner's wish to do so. In feet, the State has attached a notarized affidavit from trial counsel in which trial counsel attests that trial counsel advised Petitioner of his *998 right to testify and his right against self incrimination. In light of such affidavit as well as Petitioner’s failure to make the aforementioned showings, it must be,presumed that trial counsel exercised reasonable judgment and made tactical decisions during trial.
Likewise, Petitioner's claim that trial counsel rendered ineffective assistance by failing to object to the admission of other crimes evidence lacks both legal and evidentiary bases. Petitioner has failed to prove that trial counsel’s performance was deficient nor has Petitioner shown that he was prejudiced by trial counsel's performance. ■Petitioner's allegations and assumptions that the outcome of the trial would, likely have been different had other crimes evidence not been introduced, are insufficient to overturn his conviction.
■ Petitioner has failed to show any performance by trial counsel that is objectively below a professional standard of practice. Likewise, Petitioner has failed to show how such a failure couid possibly have prejudiced his conviction and/or sentence in this case, Petitioner’s claim of ineffective assistance of counsel is without merit.
As a final note, Petitioner's claim that the trial court erred in denying his request for change of venue due to pretrial publicity preventing a fair and impartial trial, is without merit and requires no opinion from this Court. The Second Circuit Court of Appeal has already addressed this issue, explaining that Petitioner has “failed to present evidence that there was prejudice in the collective mind of the community such that a fair trial would have been impossible". State v. White, 57 So.3d 1078, 45, 704 (La. App. 2 Cir. 1/26/11). Therefore, there is no further ruling needed on this issue by this Court
For the foregoing reasons, Petitioner’s “Uniform Application for Post Conviction Relief filed November 7,2012 is DENIED, The Clerk of Court is directed to provide a copy of this Opinion to the Petitioner, his custodian and the District Attorney.
*999 [[Image here]]